IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER IN, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-00224 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| DANIEL STROUP, | ) | |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendant | ) | MEMORANDUM OPINION AND |
| | ) | ORDER ON PLAINTIFF'S MOTION FOR |
| | ) | THE APPOINTMENT OF COUNSEL |
| | ) | |
| | ) | ECF NO. 51 |

Plaintiff Peter In (Plaintiff), a prisoner in the custody of the United States Bureau of Prisons (BOP) filed this pro se action under 42 U.S.C. § 1983 on August 09, 2019. ECF No. 1. His Complaint was docketed on October 31, 2019. ECF No. 8. Pending before the Court is Plaintiff's motion for appointment of counsel. ECF No. 50. For the reasons that follow, the motion is DENIED, without prejudice.

I.   Standard of Review

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel under 28 U.S.C. § 1915(d).[1] These factors have been affirmed many times as the appropriate bases for review. *See, e.g., Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron* at 155.

---

[1] Although 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel, it authorizes the court to "request" an attorney to represent a litigant who is unable to employ counsel on his own. The importance of the distinction was recognized by the Supreme Court in *Mallard v. United States District Court*, 490 U.S. 296 (1989).

1

The court should not appoint counsel unless the claim has some merit. *Id.* Provided that this consideration is satisfied, the court must then consider these factors to determine whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron* at 155-157).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. There are also many cases in which district courts seek to appoint counsel but find no attorney willing to accept the appointment:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157 n. 7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable and a district court should not request counsel under § 1915 indiscriminately:

> Volunteer lawyer time is a precious commodity ... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id.* at 157.

2

While this Court would no doubt benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. Besides the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these cases. While the Plaintiff notes that restrictions in the prison due to the ongoing COVID-19 pandemic are limiting his ability to prepare his case, so too is the pandemic challenging lawyers in this District in the practice of law. Therefore, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

II.     Analysis

In his pro se Complaint, Plaintiff alleges a deliberate indifference claim under the Eighth Amendment against the Defendant for failure to properly treat severe rashes. *See, e.g.*, ECF No. 8, pp. 4-5. At this stage of the litigation, it is too early to tell whether this claim has any merit. For purposes of this motion, however, the Court will assume that Plaintiff's claim is potentially meritorious and will address his request under the six *Tabron* factors.

3

The first factor – the Plaintiff's ability to present his own case – weighs against appointment of counsel. Although the Amended Complaint is at times rambling in its prose, Plaintiff's submissions to the Court reveal that he is nonetheless literate and articulate. His Complaint is neatly typed, shows an understanding of the basis for his claims, and cites the constitutional rights and statutory provisions which he believes have been violated. Other submissions are neatly handwritten. Each of these suggests that Plaintiff possesses the ability to present his own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement.").

Although it is early in this litigation, Plaintiff's claim does not appear to present any particularly difficult legal issues. So, the second *Tabron* factor also weighs against appointment of counsel. As for the remaining *Tabron* factors, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. Plaintiff's claims, however, do not appear to require expert testimony, particularly complex credibility determinations, or unusually burdensome discovery. Moreover, as a pro se litigant, Plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny. *See id.* at 520-21 (instructing that pro se pleadings should be held to less stringent standards than formal pleadings drafted by lawyers). This may be of more benefit to him than an attorney who is unfamiliar with the types of issues presented in prison litigation.

Given the foregoing, the Court concludes that the *Tabron* factors weigh against the appointment of counsel at this stage in the litigation. Plaintiff's motion for appointment of counsel (ECF No. 50) is therefore **DENIED**, without prejudice. Plaintiff may renew his motion, if he so desires, should his claims continue to remain viable at later stages of this litigation.

It is so ordered.

                                                                                /s/ Richard A. Lanzillo  
                                                                                RICHARD A. LANZILLO  
                                                                                UNITED STATES MAGISTRATE JUDGE

Entered this 10th day of September, 2020.